## Case No. 12,681.

### SEVIER v. WHITE et al.

[4 Am. Law T. 218.]

Circuit Court, W. D. Virginia. 1871.

ACTION ON DECREE — SUFFICIENCY OF DECLARATION — DEMURRER.

[In an action on a decree, a general averment that the parties declared against were defendants to the suit by which the decree was rendered is equivalent to an averment that they duly became parties, either by service of process or by voluntary appearance; and hence the declaration is not in this particular vulnerable to a demurrer.]

"Ambrose H. Sevier (trustee for Matilda Johnson), a citizen of Arkansas, plaintiff, complains of Addison White, a citizen of Alabama, and Milton White and Newton White, citizens of Virginia, defendants of a plea of debt, that they render to the plaintiff the sum of $60,000, his debt, and $15,999.99 for his damages, and $60 costs, with interest, &c.; for that, theretofore, to wit, on the 27th day of April, 1869, at a term of the circuit court of the county of Desha, in the state of Arkansas, &c., in chancery sitting, it was adjudged, ordered and decreed by the said court, in a certain suit then therein depending, wherein the said Ambrose H. Sevier, trustee for Matilda Johnson, was complainant, and Milton White, Addison White, and Newton K. White, and a certain William Blydenburg and Mrs. Little, were defendants, that the said Ambrose H. Sevier, trustee for Matilda Johnson, recover of and from the said Milton White, Addison White and Newton White (alias Newton K. White) the sum of $60,000 debt and $15,999.99 damages with interest; and the said plaintiff in fact saith that the said decree still remains in full force, &c., not in any wise reversed, &c., and that the said sums of money, &c., still remain and are due, &c., to him, the said plaintiff, whereby an action hath accrued, &c., to demand and have, &c., the sum of money above demanded being the debt, damages, interest, costs and charges aforesaid, so in form aforesaid recovered, to wit, by the decree aforesaid in the court aforesaid; nevertheless, the said defendants, although often requested, have not paid, &c., &c., &c. B. R. Johnston and Johnston & Trigg, P. J."

To the above declaration the following demurrer was filed: "1st. The defendants demur to the plaintiff's declaration, and say that it is insufficient in law; wherefore they pray judgment, &c. 2d. And the defendants for plea say that there is no such record and decree as alleged in the declaration on which the plaintiff's action is founded, and this they are ready to verify. 3d. And the defendants for further plea say that they were non-residents of the state of Arkansas at the time of the institution and during the pendency of said proceedings in the circuit court of Desha county, Arkansas, in chancery, and at the time of the rendition of the alleged decree sued on, but were and are citizens and residents of other states, &c., that they or either of them were not served with process in said suit by any personal service, or had any actual notice, nor did they or either of them appear in said suit in person or by attorney; but said decree sued on was taken and rendered against them by default; and said decree is therefore of no force or effect against them in this suit in this court to charge them with said supposed debt in the declaration demanded, and this they are ready to verify. 4th. And the defendants for further plea say that the said circuit court of the county of Desha, in the state of Arkansas, in chancery sitting, had no jurisdiction to render the decree alleged against the defendants under the pleadings and proceedings in said suit, in said court, as appears by said record when produced; and so the defendants say that said supposed decree sued on has no force or effect against them in this suit in this court to charge them with said supposed debt, and this they are ready to verify by the record, wherefore, &c. 5th. And the defendants for further plea say the said proceedings and decree in the circuit court of Desha county, Arkansas, in chancery, against the defendants for the recovery of said debt sued on, are, upon the face of said proceeding and decree, contrary to reason and natural justice, and therefore said decree is a nullity and has no force or effect to charge the defendants in this suit in this court with the debt in the declaration demanded, and this they are ready to verify; wherefore, &c. Campbells & Sheffy, for defendants."

BY THE COURT. This day came the parties, by their attorneys, and the defendants demurred to plaintiff's declaration, and issue was joined thereon; and the matters of law arising thereon being argued, it seems to the court that the law is for the plaintiff, and for

the following reasons the demurrer is overruled: "Which special demurrer to declaration was overruled by the court, on the ground that the general averment of the declaration that the persons declared against were defendants to the suit in which the decree was rendered in the state of Arkansas is equivalent to the allegation that they were duly parties to said suit either by the service of process upon them or by their voluntary appearance and pleading in said suit; so that said general averment may be traversed by plea that the defendants to this action were not bound or affected by said decree in the circuit court of Desha county, in Arkansas, because not served with any process, or bound by any appearance or pleading in said suit;" and thereupon the plaintiff asked and obtained leave to file an additional count to this declaration, which is done, and the defendants take time to plead to the same, and this cause is continued.